UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SUSAN SMYSER, for deceased Ronald L. Smyser,

    Plaintiff,

v.

CHARLY T. NGUYEN, M.D.,
EDWARD C. WEISBERGER, M.D.,
JOHN COLEMAN, M.D. and
IUPUI - HOSPITAL INDIANAPOLIS,

    Defendants.

Case No. 07-2059

## MOTION TO DISMISS FOR WANT OF JURISDICTION

NOW COMES the Defendant, CHARLY T. NGUYEN, by his attorneys, Quinn, Johnston, Henderson & Pretorius, and for his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), states:

1.  On or about April 2, 2007, Plaintiff SUSAN SMYSER (hereinafter "Plaintiff") filed her Complaint against Defendant, CHARLY T. NGUYEN, M.D. (hereinafter "Defendant"), alleging that Defendant was negligent in his care and treatment of her husband.

2.  This Court has no jurisdiction over Plaintiff's claims. Plaintiff asserts that jurisdiction in this Court is proper as her claim involves a federal question pursuant to **28 U.S.C.A. § 1331** and because there is diversity of citizenship pursuant to **28 U.S.C.A. § 1332**. However, jurisdiction is not proper under either of these statutes.

3.  "Federal question jurisdiction exists only where the federal question appears on the face of the plaintiff's properly pleaded complaint." ***Sebring Homes Corp. v. T.R. Arnold &***

*Associates, Inc.*, 927 F.Supp. 1098, 1102 (N.D.Ind. 1995). "Under this 'well-pleaded' complaint rule, 'federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the plaintiff's claim.'" *Id.* (citing **GNB Battery Technologies, Inc. v. Gould, Inc.**, 65 F.3d 615, 619 (7th Cir. 1995)). Plaintiff's claim is not created by federal law, nor is a substantial question of federal law an element of her claim. Accordingly, this Court does not have federal question jurisdiction over Plaintiff's claim.

4.   A case comes within a federal district court's original diversity jurisdiction only if "diversity of citizenship is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. Of Corrections*, 524 U.S. 381, 390, 118 S.Ct. 2047, 2053 (1998). Such is not the case here, as the Complaint itself alleges that both Plaintiff and Defendant are residents of Illinois. Further, Plaintiff has failed to allege the citizenship of the parties or the amount in controversy, which is required to establish diversity jurisdiction. **Held v. Held**, 137 F.3d 998, 1000 (7th Cir. 1998); **Hammes v. AAMCO Transmissions, Inc.**, 33 F.3d 774, 778 (7th Cir. 1994). Such a failure mandates that Plaintiff's claim against Defendant be dismissed. **Held**, 137 F.3d at 1000.

WHEREFORE, Defendant CHARLY T. NGUYEN respectfully requests that this Court enter an Order dismissing the case against him, that he have his costs, and for such other and further relief as the Court deems proper.

CHARLY T. NGUYEN, Defendant

By: _____*s/Elizabeth F. Larsen*_____
         Elizabeth F. Larsen

Kevin M. Miller (Illinois Bar No. 6193140)
Elizabeth F. Larsen (Illinois Bar No. 6286680)
QUINN, JOHNSTON, HENDERSON & PRETORIUS
227 NE Jefferson
Peoria, IL 61602
Ph: (309) 674-1133
Fx: (309) 674-6503

**PROOF OF SERVICE**

I hereby certify that on **May 18, 2007**, I electronically filed this **Motion to Dismiss** with the Clerk of Court using the CM/ECF system.

And I hereby certify that on **May 18, 2007**, I mailed a copy of this document by United States Postal Service to the following non-registered participants:

Susan Smyser
9472 April Lane
Ashmore, IL 61912

> *s/Elizabeth F. Larsen*
> Elizabeth F. Larsen   (Illinois Bar No. 06243566)
> QUINN, JOHNSTON, HENDERSON & PRETORIUS
> 227 N.E. Jefferson Street
> Peoria, IL 61602-1211
> Telephone: (309) 674-1133
> Facsimile: (309) 674-6503
> E-mail: elarsen@qjhp.com

EFL/kjc
I:\1\Civil\Smyser v. Nguyen 101 357 029\pldgs\motion to dismiss.wpd