UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SUSAN SMYSER, for deceased Ronald L. Smyser,<br><br>Plaintiff,<br><br>v.<br><br>CHARLY T. NGUYEN, M.D.,<br>EDWARD C. WEISBERGER, M.D.,<br>JOHN COLEMAN, M.D. and<br>IUPUI - HOSPITAL INDIANAPOLIS,<br><br>Defendants. | Case No. 07-2059 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR WANT OF JURISDICTION

NOW COMES the Defendant, CHARLY T. NGUYEN, by his attorneys, Quinn, Johnston, Henderson & Pretorius, and for his Memorandum of Law in Support of Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), states:

### I.   INTRODUCTION

On or about April 2, 2007, Plaintiff, SUSAN SMYSER (hereinafter "Plaintiff") filed her Complaint against Defendant, CHARLY T. NGUYEN, M.D. (hereinafter "Defendant"), alleging that Defendant was negligent in his care and treatment of her husband. Specifically, Plaintiff alleges that Defendant gave no description of the risk of serious bodily injury or death from surgery to be performed by Defendant EDWARD C. WEISBERGER, M.D., and that he did not give a description of alternative treatments and the risks and benefits associated with such treatments.

Plaintiff asserts that jurisdiction in this Court is proper under *28 U.S.C.A. § 1331* and *28 U.S.C.A. § 1332*. However, Plaintiff's claim does not arise under or involve a substantial question

of federal law pursuant to *28 U.S.C.A. § 1331*, nor is there complete diversity among the parties pursuant to *28 U.S.C.A. § 1332*. Further, Plaintiff has failed to allege the citizenship of the parties and the amount in controversy, which is required to establish diversity jurisdiction under *28 U.S.C.A. § 1332*. Accordingly, Defendant now moves to dismiss Plaintiff's Complaint for want of jurisdiction.

    II.    **THE COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIM.**

"Federal question jurisdiction exists only where the federal question *appears on the face of the plaintiff's properly pleaded complaint*." **Sebring Homes Corp. V. T.R. Arnold & Associates, Inc.**, 927 F.Supp. 1098, 1102 (N.D.Ind. 1995) (emphasis added). "Under this 'well-pleaded' complaint rule, 'federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the plaintiff's claim.'" *Id.* (citing **GNB Battery Technologies, Inc. v. Gould, Inc.**, 65 F.3d 615, 619 (7th Cir. 1995)). *See also* **Minor v. Prudential Securities, Inc.**, 94 F.3d 1103, 1105 (7th Cir. 1996) (citing **Franchise Tax Bd. v. Construction Laborers Vacation Trust**, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983)) ("It is standard that federal question jurisdiction arises only when the complaint standing alone 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'").

In the present case, Plaintiff's claim is not created by federal law, nor does her right to relief depend upon the construction of a federal law. Further, no federal law or reference thereto appears on the face of Plaintiff's Complaint. Rather, Plaintiff alleges only that Defendant was negligent in the care and treatment of her husband and that she is entitled to compensatory damages pursuant to

a theory of wrongful death. Such an allegation is insufficient to establish federal question jurisdiction over Plaintiff's claim. A "court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). Accordingly, because this Court does not have federal question jurisdiction over Plaintiff's claim, it must be dismissed.

### III. THE COURT DOES NOT HAVE DIVERSITY JURISDICTION OVER PLAINTIFF'S CLAIM.

A case comes within a federal district court's original diversity jurisdiction only if "diversity of citizenship is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections*, 524 U.S. 381, 390, 118 S.Ct. 2047, 2053 (1998). *See also Fidelity and Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1265 (C.A.Wis. 1983) (stating the same). Additionally, in order for diversity jurisdiction to exist, "the complaint must allege the citizenship of the parties and the amount in controversy." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). Allegations pertaining to the residence of the parties, without allegations of citizenship, are insufficient to establish diversity jurisdiction. *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Significantly, when a party alleges residence but not citizenship, the court must dismiss the suit. *Id.* (citing *Guaranty Nat'l Title Co. V. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).

In the present case, diversity of citizenship is not complete among the parties, as the Complaint itself alleges that Plaintiff and Defendant are residents of Illinois. Plaintiff has further failed to allege the amount in controversy or the citizenship of the parties, which is required for this Court to have diversity jurisdiction over Plaintiff's claim. Plaintiff's Complaint does set forth the

residence of each party named in the suit, but, as established above, if the residence of the parties is alleged but the citizenship of each party is not, the suit must be dismissed. As such, Plaintiff's claim must be dismissed.

WHEREFORE, Defendant CHARLY T. NGUYEN respectfully requests that this Court enter an Order dismissing the case against him for want of jurisdiction, that he have his costs, and for such other further relief as the Court deems proper.

CHARLY T. NGUYEN, Defendant

By: _____*s/Elizabeth F. Larsen*_____
Elizabeth F. Larsen

Kevin M. Miller (Illinois Bar No. 6193140)
Elizabeth F. Larsen (Illinois Bar No. 6286680)
QUINN, JOHNSTON, HENDERSON & PRETORIUS
227 NE Jefferson
Peoria, IL 61602
Ph: (309) 674-1133
Fx: (309) 674-6503

PROOF OF SERVICE

I hereby certify that on **May 18, 2007**, I electronically filed this **Memorandum of Law in Support of Motion to Dismiss** with the Clerk of Court using the CM/ECF system.

And I hereby certify that on **May 18, 2007**, I mailed a copy of this document by United States Postal Service to the following non-registered participants:

Susan Smyser
9472 April Lane
Ashmore, IL  61912

                                              *s/Elizabeth F. Larsen*
Elizabeth F. Larsen   (Illinois Bar No. 06243566)
QUINN, JOHNSTON, HENDERSON & PRETORIUS
227 N.E. Jefferson Street
Peoria, IL  61602-1211
Telephone:  (309) 674-1133
Facsimile:  (309) 674-6503
E-mail: elarsen@qjhp.com

EFL/kjc
I:\1\Civil\Smyser v. Nguyen 101 357 029\pldgs\memo of law in support mot to dismiss.wpd