UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SUSAN SMYSER, for deceased Ronald L. Smyser, Plaintiff, v. CHARLY T. NGUYEN, M.D., EDWARD C. WEISBERGER, M.D., Defendants. | Case No. 07-2059 |

## REPORT AND RECOMMENDATION

In April 2007, Plaintiff, Susan Smyser, for deceased Ronald Smyser, filed a Complaint (#1) against Defendants Charly Nguyen, M.D., Edward Weisberger, M.D., John Coleman, M.D., and IUPUI Hospital, seeking compensation for wrongful death.

In May 2007, Defendant Nguyen filed a Motion To Dismiss for Want of Jurisdiction (#16). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss for Want of Jurisdiction **(#16)** be **GRANTED**.

Plaintiff's complaint states that the Court has jurisdiction based on federal question and diverse citizenship. The statement of claim indicates that Plaintiff's claims are based on (1) Defendants' failure to give Plaintiff or her husband adequate information regarding Ronald's medical treatment and (2) Ronald's treatment while he was in the hospital. The relief requested is compensation for wrongful death. It is clear from both the description of the claims and the relief requested that Plaintiff has not raised a federal question.

Federal jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). For diversity purposes, an individual is a citizen of her domicile. *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994). Generally speaking, one's domicile is one's permanent home, or the place to which one intends to return when absent. 13B Charles Alan Wright,

Arthur R. Miller, and Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3612 (West 2d ed. 1984). Furthermore, residence is not the same as citizenship and an allegation of residence alone is not sufficient to establish citizenship. *Id.*, at § 3611; *Multi-M Intern., Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

As an initial matter, it is unclear in what capacity Plaintiff is suing. Plaintiff's complaint lists her address, but does not allege her citizenship or Ronald's citizenship. If Plaintiff is bringing this claim as a representative of her deceased husband's estate, she must allege his citizenship. 28 U.S.C. § 1332 (c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). The Court notes, however, that administrators do not act on behalf of themselves, but on behalf of all the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court without benefit of counsel. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007).

Plaintiff also alleges the location of Defendants' employment: Defendant Nguyen is employed in Illinois and Defendants Weisberger and Coleman are employed in Indiana. However, she failed to allege their citizenship. In addition, Plaintiff did not allege the amount in controversy.

Because Plaintiff has asserted federal jurisdiction, she bears the burden of establishing a basis for that jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Allegations of jurisdiction are subject to the "reasonable inquiry" requirement of Rule 11. *See* FED. R. CIV. P. 11; *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (allegations concerning the citizenship of the defendants made upon "information and belief" are improper under the Federal Rules of Evidence); *Multi-M Intern.*, 142 F.R.D. at 152.

Here, Plaintiff has not alleged Defendant Nguyen's citizenship, nor has she alleged the amount in controversy. Therefore, the Court recommends granting Defendant's motion to

dismiss. Furthermore, because this Court has a continuing duty to satisfy itself of its subject matter jurisdiction before proceeding to the merits of any case and may raise the issue on its own, the Court also recommends dismissing the claims against Defendants Weisberger and Coleman. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001) (court has duty to satisfy itself of its own jurisdiction and may raise the issue on its own if the parties do not).

The Court recommends that Plaintiff be allowed to amend her complaint against the individual Defendants if she determines, after reasonable inquiry, that Defendants are not citizens of the same state as Plaintiff and/or Ronald Smyser. This amendment would include allegations of citizenship of the parties, not just their residency or place of employment.

## Summary

For the reasons set forth above, this Court recommends **GRANTING** Defendant Nguyen's Motion To Dismiss for Want of Jurisdiction **(#16)** and also recommends dismissing the claims against Defendants Weisberger and Coleman. Because Plaintiff can conceivably amend the complaint to correct the deficiencies, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order resolving this matter.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 6th day of June, 2007.

                                                      s/ DAVID G. BERNTHAL
                                                      U.S. MAGISTRATE JUDGE