E-FILED
Thursday, 14 June, 2007 02:16:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SUSAN SMYSER for Deceased Ronald L. )
Smyser, )
 )
       Plaintiff, )
 ) Case No. 07-2059
v. )
 )
CHARLY T. NGUYEN, M.D., )
EDWARD C. WEISBERGER, M.D., )
JOHN COLEMAN, M.D., and )
IUPUI – HOSPITAL, )
 )
       Defendants. )

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR WANT OF JURISDICTION**

Defendants, EDWARD C. WEISBERGER, M.D. and JOHN C. COLEMAN, M.D., by counsel, Russell Reed of Hinshaw & Culbertson LLP, and for their Memorandum in Support of their Motion to Dismiss for a lack of personal jurisdiction and subject matter jurisdiction, state the following:

**I.**

**PLAINTIFF'S FACTUAL ALLEGATIONS**

In her *pro se* Complaint, which was filed on March 21, 2007, Plaintiff identifies herself as a resident of Illinois. (See Plaintiff's Complaint, attached hereto as Ex. "A"). Of the four (4) named Defendants, three (3) are from Indiana and one (1), like Plaintiff, alleged to be a resident of Illinois. Id. The moving Defendants, Edmund C. Weisberger, M.D., and John Coleman, M.D., are both identified as Indiana physicians with offices in Indianapolis. Id. Plaintiff's Complaint alleges that the Defendants committed medical malpractice. Id. Plaintiff further identifies the place of the alleged occurrence as "Indianapolis University Hospital." Id.

## II.

## PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER THE TWO INDIANA DOCTORS FOR ALLEGED MEDICAL MALPRACTICE TAKING PLACE IN INDIANA

Plaintiff has failed to allege a basis for this Court to exercise personal jurisdiction over Edward C. Weisberger, M.D. or John Coleman, M.D. Indeed, Plaintiff expressly alleges that these two Defendants are both Indiana doctors and that the alleged medical malpractice took place at "Indianapolis University Hospital." (See Ex. "A"). In short, Plaintiff has failed to allege any connection whatsoever between these two Defendants and the State of Illinois.

In this regard, it has been held that:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Veeninga v. Alt, 111 Ill.App.3d 775, 779, 444 N.E.2d 780, 782 (Ill. App. Ct. 1982) citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239 (1958) and World Wide Volkswagon Corp. v. Woodson, 44 U.S. 286, 298, 100 S.Ct. 559, 567 (1980). See also Lemke v. St. Margaret Hospital, 594 F.Supp. 25 (N.D.IL. 1983)(Illinois federal court finding no personal jurisdiction over Indiana physician who treated patient in Indiana.).

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2), Plaintiff's Complaint against Edward C. Weisberger, M.D. and John Coleman, M.D. should be dismissed for a lack of personal jurisdiction.

### III.

### PLAINTIFF FAILED TO ALLEGE A BASIS OF FEDERAL SUBJECT MATTER JURISDICTION

As this Court is well aware:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. (Citations omitted).

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).

Here, Plaintiff states that she brings her case under "28 U.S.C. §1331 Federal Question, diverse citizenship." (See Ex. "A"). However, it is axiomatic that a garden variety medical malpractice claim does not involve or arise under the Constitution, laws, or treaties of the United States. Indeed, Plaintiff's Complaint does not reference or cite to any federal statute. Id. Moreover, diversity jurisdiction requires that the amount in controversy exceed the sum or value of $75,000 and that complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332. In this regard, Plaintiff's Complaint contains no allegation relative to value and at least one (1) of the four (4) Defendants is also a resident of Illinois. Accordingly, diversity cannot serve as Plaintiff's basis of federal jurisdiction.[1]

As Plaintiff has failed to allege a basis of federal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), her Complaint should be dismissed.

---

[1] On May 18, 2007, Charly T. Nguyen, M.D., filed his Motion to Dismiss based on a lack of federal question and/or diversity jurisdiction. Defendants herein agree with Defendant Dr. Nguyen's position in his Motion and hereby joins that Motion and incorporates by reference the arguments set forth therein as additional basis for the dismissal of Plaintiff's Complaint.

## IV.

## PLAINTIFF HAS ALSO NOT COMPLIED WITH
## THE PROVISIONS OF THE INDIANA MEDICAL MALPRACTICE ACT

Again, as alleged in the Complaint, Defendants, Edward C. Weisberger and John Coleman, are both Indiana physicians and their alleged medical malpractice took place in Indiana. (See Ex. "A"). In this regard, the Indiana Medical Malpractice Act establishes a medical review panel system that requires plaintiffs to first submit their claims to the Indiana Department of Insurance for review before filing a civil lawsuit. I.C. 34-18-1-1, et seq. Here, Plaintiff does not allege that she has satisfied the requirements of the Indiana Malpractice Act. Id.

In this regard, it has been held in words equally applicable here that:

> Since the plaintiff's complaint in this Court was filed prior to filing a proposed complaint with the Commissioner of Insurance, the proper disposition of this matter is to dismiss the complaint without prejudice. Johnson v. St. Vincent Hospital, Inc., Ind., 404 N.E.2d 585 (1980); Hines v. Elkhart General Hospital, 465 F.Supp. 421 (N.D.Ind.1979), aff'd, 603 F.2d 646 (7th Cir. 1979). Though, as plaintiffs' cited cases illustrate, it is well settled that a federal court may stay proceedings when a state action-whether judicial, administrative, or arbitral, Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857 (9th Cir. 1979), cert. denied, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979)-pends between the same parties, involving the same subject matter, and seeking the same relief, Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); this case does not evidence the same concerns. Instead, this case presents a circumstance where the state proceedings are not parallel but rather are prerequisites to this Court's subject matter jurisdiction. Hines v. Elkhart General Hospital, 465 F.Supp. 421, 425 (N.D.Ind.1979), aff'd., 603 F.2d 646 (7th Cir. 1979).
> *   *   *
> Since the Indiana Courts have no jurisdiction until the review panel issues its opinion, and the federal court is bound by this decision in a diversity suit, Hines v. Elkhart General Hospital, 03 F.2d 646 (7th Cir. 1979), this Court's only alternative is to grant defendant's motion to dismiss the complaint.

Johnson v. Methodist Hospital, 547 F.Supp. 780, 781 (N.D.IN. 1982).

Thus, Plaintiff's suit is an attempt to circumvent governing provisions of Indiana law and should be soundly rejected.

## CONCLUSION

For all of the above reasons, Plaintiff's Complaint against two Indiana doctors for medical malpractice that allegedly took place in the State of Indiana should be dismissed for a lack of personal and subject matter jurisdiction.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:

/s/ Russell L. Reed
Russell L. Reed
Hinshaw & Culbertson LLP
400 S. Ninth St., Suite 200
Springfield, IL  62701
Telephone:  217/528-7375
Fax:  217/528-0075
E-mail:rreed@hinshawlaw.com
Attorney I.D. #6196489

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2007, I electronically filed Defendants' Memorandum of Law In Support of Motion to Dismiss for Want of Jurisdiction with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

Kevin M. Miller
Elizabeth Frances Larsen
Quinn, Johnston, Henderson & Pretorius
227 NE Jefferson
Peoria, IL  61602
kmiller@qjhp.com
elarsen@qjhp.com
**Attorneys for Charly T. Nguyen, M.D.**

John D. Burk
Ice Miller LLP
200 West Madison, Suite 3500
Chicago, IL  60606
john.burke@icemiller.com
**Attorney for Clarian Health Partners, Inc., Methodist-IU-Riley**

and I hereby certify that on June 14, 2007, I mailed by United States Postal Service, the document(s) to the following on-registered participants:

Susan Smyser
9472 April Lane
Ashmore, IL  61912
**Plaintiff**

/s/ Russell L. Reed
Russell L. Reed
Hinshaw & Culbertson LLP
400 S. Ninth St., Suite 200
Springfield, IL  62701
Telephone:  217/528-7375
Fax:  217/528-0075
E-mail: rreed@hinshawlaw.com
Attorney I.D. #6196489

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Susan Smyser for Deceased )
Ronald L. Smyser   Plaintiff )
)
vs. )                                    Case No. 07-2159
)
Charly T. NGUYEN MD )
Edward C. Weisberger MD )
John Coleman MD )
IUPUI - Hospital Indianapolis )
                  Defendant(s) )

**RECEIVED**
MAR 21 2007
JOHM M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## COMPLAINT

☐   42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐   28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☒   Other  28 § 1331 Federal Question, Diverse Citizenship, Ante

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Susan Smyser, and states as follows:

My current address is: 9472 April Lane Ashmore IL, 61912

The defendant Charly T. NGUYEN MD is employed as Head, Neck, Plastic and Reconstructive Surgeon at 500 Health Center Dr. #401 Mattoon, IL 61938

The defendant Edward C. Weisberger MD, is employed as Head, Neck, Plastic and Reconstructive Surgeon at 550 N. University Blvd, Rm 3120 Indianapolis IN 46202

The defendant John Coleman, is employed as Reconstructive Plastic Surgeon at 550 N. University Indianapolis IN 46202

The defendant Indiana University Health Partners, is employed as Hospital under Clarian at 550 N. University Indianapolis, IN 46202

(revised 9/96)

The defendant _____, is employed as _____

_____ at _____

Additional defendants and addresses _____

_____

_____

_____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

**LITIGATION HISTORY**

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?          Yes ☐                    No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?  N/A

Yes ☐                    No ☐

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

  1. Parties to previous lawsuit:

      Plaintiff(s) _____

      Defendant(s) _____

      _____

  2. Court (if federal court, give name of district; if state court, give name of county)

_____

2

3. Docket Number/Judge _____

4. Basic claim made _____

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing of lawsuit _____

7. Approximate date of disposition _____

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?  Yes ☑  No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?  Yes ☐  No ☑

PLEASE NOTE: *THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

# STATEMENT OF CLAIM

Place of the occurrence <u>Indianapolis University Hospital - IUPUI</u>

Date of the occurrence <u>April 4, 2005, and April 8, 2005</u>

Witnesses to the occurrence <u>Susan Smyser (wife) Barbi S. Fauble (Daughter)</u>

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved. Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*
THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

Dr. Charly T. NGUYEN - ① Gave no description of the risks and Benefits - particularly exploring the risk of serious bodily disability or death from Surgery under Dr. Weisberger.

② No description of alternative treatments and risks and benefits of Alternatives.

Dr. Edward C. Weisberger ① Informed Consent not given for the Surgery that Dr. Weisberger Performed.

② Did not provide Information regarding risks, alternatives and success rates.

③ Did not give a description of treatment or procedures.

4

Dr. John Coleman - ① Witness to Severe Injury by Surgery of Dr. Weisberger

② Did not disclose to me the damages done to my husband in Surgery.

③ Husband in Surgery Much Longer than discussed. Not Informed what was happening.

IUPUI - Hospital -

① Husbands complaint of Abuse, neglect, and harassment while in Intensive care to Dr. Weisberger - nothing done.

② Abuse, neglect, and harassment led to husband's MI on April 8th

③ Very poor care by Nursing staff left sitting in Vomit by day shift nurse. Husband had decubes on Buttocks from short stay in Intensive Care, etc.

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

Compensation for Wrongful death

JURY DEMAND        Yes  ☐        No ☑

Signed this __20th__ day of __March__, 2007.

__Susan Smyser__
(Signature of Plaintiff)

| Name of Plaintiff: Susan Smyser | Inmate Identification Number: N/A |
|---|---|
| Address: 9472 April Lane Ashmore IL 61912 | Telephone Number: 217-508-4588 |