E-FILED
Tuesday, 26 June, 2007   04:10:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SUSAN SMYSER, for Deceased Ronald L. Smyser, </br></br>              Plaintiff, </br> v. </br></br> CHARLY T. NGUYEN, M.D., EDWARD C. WEISBERGER, M.D., JOHN COLEMAN, M.D., IUPUI HOSPITAL, Indianapolis, </br></br>              Defendants. | Case No. 07-CV-2059 |

**OPINION**

On June 6, 2007, Magistrate Judge David G. Bernthal entered a Report and Recommendation (#21) in this case. Judge Bernthal recommended granting the Motion to Dismiss for Want of Jurisdiction (#16) filed by Defendant Charly Nguyen, M.D. Judge Bernthal concluded that it was clear from Plaintiff's complaint that Plaintiff has not raised a federal question. Judge Bernthal further noted that Plaintiff did not allege the citizenship of any of the parties or the amount in controversy. Therefore, Plaintiff did not meet her burden of establishing a basis for diversity jurisdiction. Judge Bernthal recommended granting Defendant Nguyen's Motion to Dismiss and also recommended dismissing the claims against Defendants Edward Weisberger, M.D., and John Coleman, M.D. Judge Bernthal further recommended that the dismissal should be without prejudice and that Plaintiff should be "allowed to amend her complaint against the individual Defendants if she determines, after reasonable inquiry, that Defendants are not citizens of the same state as Plaintiff and/or Ronald Smyser." Judge Bernthal stated that "[t]his amendment would include allegations of citizenship of the parties, not just their residency or place of employment." Judge Bernthal recommended that Plaintiff be granted leave to file an amended complaint within fourteen

(14) days of the order resolving this matter.

On June 14, 2007, Defendant Weisberger and Coleman filed a Motion to Dismiss for Want of Jurisdiction (#26) and a Memorandum in Support (#27). In their Memorandum, Defendants Weisberger and Coleman stated that they are both identified in the complaint as Indiana physicians with offices in Indianapolis. They argued that Plaintiff failed to allege any connection whatsoever between these two Defendants and the State of Illinois. They argued that Plaintiff's complaint against them should be dismissed for lack of personal jurisdiction. In addition, they argued that Plaintiff's complaint is subject to dismissal because Plaintiff has not complied with the provisions of the Indiana Medical Malpractice Act.

On June 25, 2007, Plaintiff filed her pro se Objections to Report and Recommendation (#29). Plaintiff did not address in any way the jurisdictional problems discussed by Judge Bernthal in the Report and Recommendation. Instead, Plaintiff has just presented argument regarding the merits of her complaint.

Following this court's careful de novo review, this court accepts Judge Bernthal's well-reasoned Report and Recommendation. This court advises Plaintiff, who is proceeding pro se, that the merits of her complaint are not before this court unless this court has jurisdiction over her claim. Because Plaintiff has failed to establish that this court has jurisdiction, her Complaint (#4) must be dismissed. Consistent with Judge Bernthal's recommendation, the dismissal is without prejudice and Plaintiff is allowed fourteen (14) days to file an amended complaint. Plaintiff is strongly advised that any amended complaint must follow Judge Bernthal's instructions and include allegations establishing that this court has jurisdiction over her claim. If Plaintiff does not file an amended complaint adequately alleging that this court has jurisdiction over her claim within fourteen

(14) days, the case will be dismissed with prejudice.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#21) is accepted by this court.

(2) The Motion to Dismiss for Want of Jurisdiction (#16) filed by Defendant Nguyen is GRANTED. Plaintiff's Complaint (#4) is hereby dismissed for want of jurisdiction.

(3) The dismissal is without prejudice and Plaintiff is allowed fourteen (14) days to file an amended complaint which includes allegations establishing that this court has jurisdiction over her claim. If Plaintiff does not file an amended complaint adequately alleging that this court has jurisdiction over her claim within fourteen (14) days, the case will be dismissed with prejudice.

(4) Because this case has been dismissed, Plaintiff's Motion for Summary Judgment (#20) and the Motion to Dismiss for Lack of Jurisdiction (#26) filed by Defendants Weisberger and Coleman are rendered MOOT. If an amended complaint establishing that this court has jurisdiction over Plaintiff's claim is filed, the motions may subsequently be renewed by the parties.

ENTERED this 26th day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE